IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Aaron Williams, Jr., ) | C/A No.: 1:12-3556-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden C. Reynolds; Warden Washington; ) | |
| Major Seaward; Ms. Stuckey, SMU ) | |
| Classification, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a state prisoner incarcerated at Tyger River Correctional Institution alleging constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff alleges that he made a request to defendant Major Seaward on July 7, 2012, to be placed on statewide protective custody. [Entry #1 at 3]. He claims that defendant Seaward required him to state the reason for the request, then denied "help." *Id.* He alleges that he "revealed information to Major Seaward that could have got me killed and he told me it would remain confidential." *Id.* He claims, however, that defendant Seaward failed to

keep the information private as Plaintiff "heard several staff members speaking about things [he] only stated with Major Seaward on July 7, 2012." *Id.*

Plaintiff names "Warden C. Reynolds, Warden Washington, and Ms. Stuckey of SMU classification" for failing to conduct an investigation regarding his allegations. *Id.* He claims that the defendants' actions caused him physical and psychological stress. *Id.* He seeks placement in protective custody, monetary damages, reversal of charges, and reinstatement of privileges. *Id.* at 3–4.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially-meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, it appears that Plaintiff filed this case prematurely, before fully exhausting the administrative remedy process of the South Carolina Department of Corrections ("SCDC"). [Entry #1 at 2]. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court

3

has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In the present action, Plaintiff indicates that he filed a grievance concerning the issues presented in this case, but has not yet received a final agency answer or determination. [Entry #1 at 2].[1] Plaintiff further claims that the defendants' actions occurred between July and December of 2012. *Id.* at 3. Plaintiff signed the complaint on December 12, 2012. *Id.* at 4. Because it is clear from the face of the complaint that Plaintiff has not yet completed the administrative grievance process, this case is subject to summary dismissal for lack of exhaustion.

However, the instant action would be subject to summary dismissal in any event. Liberally construed, the complaint claims that the defendants have been deliberately

---

[1] The complaint provides no facts to indicate that Plaintiff's ability to exhaust the administrative grievance process has been hindered in any way. *See Moore v. Bennette*, 517 F.3d at 725 (discussing availability of administrative remedies).

4

indifferent to Plaintiff's safety. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). "The Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999).

Here, the complaint alleges that defendant Seaward denied Plaintiff's request for protective custody and revealed information disclosed by Plaintiff to other staff members at SCDC. [Entry #1 at 3]. The complaint further alleges that defendants Reynolds, Washington, and Stuckey failed to properly investigate Plaintiff's allegations regarding his need for protective custody. *Id.* However, the complaint provides no facts to demonstrate that any of these prison officials acted with "deliberate or callous indifference" to Plaintiff's safety. *Pressley v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). As such, the undersigned finds that Plaintiff's allegations do not rise to the level of deliberate indifference.

To the extent Plaintiff may be alleging a claim of negligence against the defendants, the law is well-settled that such a claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under

5

§ 1983 for negligent conduct). Therefore, the defendants in this case are entitled to summary dismissal.

Further, it is noted that there is no constitutional right for a prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Cases previously decided in this judicial district make clear that South Carolina law confers no protected liberty interest upon state inmates regarding prison classification. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44, (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*, 470 S.E.2d 848, 851 (S.C. 1996) (state statutes and SCDC's operational classification regulations do not create a liberty interest in security or custody classifications). Thus, the defendants have not violated Plaintiff's constitutional rights through his classification or institutional placement.

Finally, Plaintiff seeks a reversal of all "charges" and reinstatement of his privileges. [Entry #1 at 4]. While it is not completely clear from the pleading, it appears Plaintiff is referring to institutional privileges taken as a result of unspecified disciplinary charges. While disciplinary proceedings which implicate a protected liberty interest demand due process, *Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974), Plaintiff fails to demonstrate that any protected liberty interest has been implicated in this case.[2] Plaintiff also fails to allege

---

[2] To the extent Plaintiff may be seeking the return of any earned good conduct time credits, such relief is unavailable in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475,

6

that any of the defendants named in the complaint were involved in the disciplinary process. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights). Therefore, Plaintiff's claims associated with an institutional disciplinary charge are subject to summary dismissal.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*(signature)*

March 26, 2013                                        Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).