IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Aaron Williams, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Warden C. Reynolds; Warden Washington; Major Seaward; Ms. Stuckey, SMU Classification, <br><br> Defendants. | Civil Action No.: 1:12-3556-BHH <br><br><br> **OPINION AND ORDER** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") recommending the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process as Plaintiff has failed to exhaust his administrative remedies, Plaintiff's claims do not rise to the level of deliberate indifference, and Defendants have not violated Plaintiff's constitutional rights. (ECF No. 14.) For the reasons set forth below, the Court agrees with the Report and summarily dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**BACKGROUND**

Plaintiff Aaron Williams, Jr., an inmate with the South Carolina Department of Corrections ("SCDC") housed at Tyger River Correctional Institution in Enoree, South Carolina, proceeding *pro se* and *in forma pauperis*, brought this Section 1983 action alleging that his constitutional rights were violated when Defendants Warden C. Reynolds, Warden Washington, Major Seaward and Ms. Stuckey ("Defendants") were deliberately indifferent to his safety. (ECF No. 1). Plaintiff seeks placement in protective custody, monetary damages, reversal of charges, and reinstatement of privileges.

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On March 26, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process because Plaintiff has failed to exhaust his administrative remedies, Plaintiff's claims do not rise to the level of deliberate indifference, and Defendants have not violated Plaintiff's constitutional rights. (ECF No. 14). Plaintiff filed objections on April 12, 2013. (ECF No. 16).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

2

findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Upon review, the Court agrees with the Magistrate Judge that Plaintiff's case should be summarily dismissed for lack of exhaustion. As noted above, Plaintiff filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. However, Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Plaintiff appears to concede that he had not exhausted his administrative remedies *at the time he*

3

*filed suit*, and, accordingly, his case is subject to dismissal. *See, e.g., Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("[I]n considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory."). Plaintiff did not make specific objections to any of the other grounds for dismissal set forth in the Magistrate Judge's Report. Accordingly, the Court finds Plaintiff's objections to be without merit.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds Plaintiff's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the complaint is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 14, 2014
Greenville, South Carolina

4